IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32194-1-III |
| Respondent, | ) | (consolidated with |
| | ) | No. 32569-5-III) |
| v. | ) | |
| | ) | |
| JOSE LUIS GONZALEZ CASTANEDA, | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |
| ———————————————— | ) | |
| | ) | |
| In the Matter of the Personal Restraint of | ) | |
| | ) | |
| JOSE LUIS GONZALEZ CASTANEDA, | ) | |
| | ) | |
| Petitioner. | ) | |

KORSMO, J. — Jose Gonzalez Castaneda asks this court to withdraw his personal restraint petition (PRP) that challenged his 2001 conviction for second degree murder. We grant the request and dismiss both the PRP and the accompanying appeal.

In June 2001, Mr. Gonzalez Castaneda reached a plea agreement that resulted in the prosecutor amending the pending charge of first degree murder to second degree murder. He entered a guilty plea and received a sentence of 172 months. After serving the sentence, he was deported to Mexico.

He filed a notice of appeal in 2014, arguing that it was timely because he had not been informed of his appeal rights in 2001. He then filed a PRP that challenged his guilty

plea, arguing that he was not properly advised concerning the immigration consequences of his guilty plea to second degree murder. He filed a brief in support of his appeal that simply argued that his appeal was timely. It did not assign error to the guilty plea process, nor did it seek any relief. RAP 10.3(a)(4), (7). This court consolidated the appeal and the PRP. Our commissioner considered the timeliness of the appeal, but ultimately passed the matter on to the panel.

The panel considered the consolidated cases without argument on March 14, 2016. We ordered a reference hearing on the PRP. After receiving the answers to the questions posed in the reference hearing order, the panel in January of this year ordered that a second reference hearing be conducted in order to obtain more information about Mr. Gonzalez Castaneda's decision-making.

The trial court attempted to comply with that order by scheduling an additional hearing to consider testimony. Arrangements were made to hear Mr. Gonzalez Castaneda's testimony by telephone. However, he did not place a telephone call to the court at the time of the hearing. His reference hearing counsel told the court that during an earlier telephone conversation to discuss the hearing, Mr. Gonzalez Castaneda indicated that he desired to withdraw the PRP. The interpreter involved in that conversation confirmed that Mr. Gonzalez Castaneda desired to withdraw the PRP.

The trial court found that Mr. Gonzalez Castaneda desired to withdraw the PRP and transmitted its findings to this court. Our clerk of court wrote Mr. Gonzalez

2

No. 32194-1-III; 32569-5-III
*State v. Gonzalez Castaneda; PRP of Gonzalez Castaneda*

Castaneda's appellate counsel to advise him of the outcome of the reference hearing. Counsel advised this court that he made several unsuccessful efforts to contact Mr. Gonzalez Castaneda. A panel again considered the matter without argument.

The burden is on the PRP petitioner to establish his entitlement to relief. *E.g, In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). Mr. Gonzalez Castaneda was given the opportunity to present evidence in support of his petition at the reference hearings. His failure to do so leaves us without a basis for granting him any relief. Accordingly, we grant his request to withdraw his petition.

The accompanying appeal does not seek any relief. Accordingly, and without deciding whether the appeal was timely taken or not, we dismiss the appeal as moot. *State v. Gentry*, 125 Wn.2d 570, 616-617, 888 P.2d 1105 (1995).

Both actions are dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

3